UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA B. CHARLES,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | No. 2:19-cv-02555 KJM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiff brings suit against the U.S. Office of Personnel Management and multiple other federal agencies. ECF No. 1. Plaintiff's 331-page complaint is a compilation of multiple complaint forms and subpoena forms. Id. Each title page indicates that this suit is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination, and the box "failure to employ me" is checked. See, e.g., Id. at 6. Plaintiff alleges that between January and August of 2019, she applied for 19 jobs on USAJOBS.COM, submitting her DD214, college transcripts, writing sample, SF50, SF15, and statement of disability from the social security office. Id. at 54. Plaintiff alleges that in response to all 19 applications she received a notice from human resources that she was not eligible for the position. Id. The education requirement for each job was a Bachelor of Science and/or a Master's degree, and plaintiff holds both a Bachelor of Science and a Master of Arts degree. Id. Plaintiff alleges that the human resources departments in each agency committed age discrimination by failing to pass her applications along to the hiring manager for consideration. Id. Plaintiff was born in 1957. Id. at 72.

### B. Analysis

The court must reject plaintiff's complaint because it does not comply with Fed. R. Civ. P. 8 and fails to state a claim upon which relief can be granted. The complaint does not contain a "short and plain" statement setting forth the basis for plaintiff's entitlement to relief, even though this is required by Fed. R. Civ. P. 8(a)(1)-(3). First, plaintiff's 331-page complaint appears to be a combination of multiple different complaints, with pages mixed together, making it difficult to decipher. The disjointed nature of the complaint does not meet the requirements of Rule 8

////

because it is difficult to comprehend and because it is not specific with respect to which allegations apply to which defendants.

Second, plaintiff alleges that defendants violated Title VII by practicing age discrimination in failing to hire her, but she does not allege a single fact other than her age to demonstrate a discriminatory motive. A prima facie case of discriminatory failure to hire requires a showing that: (1) plaintiff belongs to a protected class; (2) she was qualified for the position; (3) she was rejected despite her qualification; and (4) the position remained open. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff does not make the required allegations. Although she alleges that she met the educational requirements for each job, it is not clear the she met all other requirements for each job at issue. Further, plaintiff does not allege facts demonstrating that each job remained open after she was rejected. Accordingly, the complaint does not state a prima facie claim for age discrimination under Title VII.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims as to each defendant. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not

require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff must allege facts sufficient to support her claim.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. You do not allege enough facts to make a claim for age discrimination under Title VII of the Civil Rights Act. Also, your 331-page complaint is too long and appears to consist of multiple complaints put together, which makes it difficult to understand. You need to submit one complaint, with clear allegations against each individual defendant.

You are being given 30 days to submit an amended complaint. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. The complaint must state enough facts to support your legal claim: you must state facts demonstrating *as to each alleged instance of discriminatory failure to hire* that (1) you belonged to a protected class; (2) you met all qualifications for the position; (3) you were rejected despite your qualifications; and (4) the position remained open after you were rejected. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

5

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: December 30, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE