UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA B. CHARLES,<br><br>Plaintiff,<br><br>v.<br><br>US OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | No. 2:19-cv-02555 KJM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis ("IFP"), though her initial complaint was rejected pursuant to the screening process required by the IFP statute. See 28 U.S.C. § 1915(a)(1); ECF No. 4. Plaintiff has submitted a First Amended Compliant, now before the court for screening. ECF No. 5.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiff's First Amended Complaint ("FAC") consists of 474 pages with attachments, and brings suit against the U.S. Office of Personnel Management and numerous other federal agencies. ECF No. 5 at 1-3. Plaintiff's FAC alleges age discrimination and violation of the Vietnam-Era Veterans Readjustment Assistance Act of 1974. Id. at 3-4. With respect to her

allegations of age discrimination, plaintiff references: (1) Title VII of the Civil Rights Act of 1964; (2) the Older American Act of 1965; (3) the Age Discrimination in Employment Act of 1967; (4) the Age Discrimination Act of 1975; (5) The Workforce Investment Act of 1998. ECF No. 5 at 3-4.

Plaintiff alleges that between January and August of 2019, she applied for 19 jobs on USAJOBS.COM, and she was qualified for the positions she applied for. Id. at 6. Plaintiff alleges that her applications repeatedly hit the USAJOBS computer system for consideration. Id. Plaintiff received an email from "Ms. Cray, FDA" stating that "if I am eligible and plant [sic.] to retire within the next 5 years, please click the link below to request an estimate." Id. Plaintiff alleges that her civil liberties were violated, and she was discriminated against because of her age by being deemed "ineligible" for the positions and not referred to the hiring agencies. Id. She also alleges she was denied her Vietnam Era Veteran preference points. Id. Plaintiff requests $22,000,000.00 in damages and that defendants be required to develop a "ONE-STOP' system that deters age discrimination for person ages 60-70." Id. at 7.

B. Analysis

Plaintiff's claims of age discrimination under Title VII of the Civil Rights Act of 1964 cannot survive because that statute does not prohibit discrimination based on age. Smith v. City of Jackson, Miss., 544 U.S. 228, 232 (2005) ("During the deliberations that preceded the enactment of the Civil Rights Act of 1964, Congress considered and rejected proposed amendments that would have included older workers among the classes protected from employment discrimination.") Congress separately enacted the Age Discrimination in Employment Act ("ADEA"), which provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623 (West). "Except for substitution of the word 'age' for the words 'race, color, religion, sex, or national origin,' the language of that provision in the ADEA is identical to that found in § 703(a)(2) of the Civil Rights Act of 1964 (Title VII)." Smith, 544 U.S. at 233.

While the ADEA could potentially support plaintiff's age discrimination claim, plaintiff's FAC does not state the necessary facts to support a cognizable claim. To state a claim of discrimination under the ADEA, a plaintiff must demonstrate that they were within the protected class of individuals aged 40-70, that they applied for a position for which they were qualified, and that a younger person with similar qualifications was hired for the position. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir.1987); Robinson v. Pierce County, 539 F. Supp. 2d 1316, 1328 (W.D. Wash. 2008). The complaint before the court does not allege specific facts to support the required elements. Plaintiff makes the conclusory allegation that she was "qualified" for each job, but many of the "rejection" letters she submitted with her FAC make clear that she did not in fact meet specific job requirements. See, e.g., ECF No. 5 at 328 (notification regarding position in Tampa, FL stating "You were not considered because you do not meet the Area of Consideration requirements as specified in the announcement"); 332 (notification regarding positions in San Antonio, TX and Falls Church, VA stating "You were not considered because you do not meet the Area of Consideration requirements as specified in the announcement"); (notification regarding position in Suttgart, Germany stating "You were not considered because you do not meet the Area of Consideration requirements as specified in the announcement"). Moreover, plaintiff does not allege that younger people were hired to fill the various positions at issue.

The other statutes plaintiff references with respect to her age discrimination claim do not provide a basis for relief:

The Workforce Investment Act of 1998 was repealed effective July 1, 2015. See 29 U.S.C.A. § 2801 [repealed].

The Age Discrimination Act of 1975 does not allow recovery insofar as plaintiff seeks monetary damages. The statute "does not authorize the recovery of monetary damages as to individual defendants," and instead only contemplates injunctive relief and recovery of attorney's fees. Steshenko v. Albee, 42 F. Supp. 3d 1281, 1290 (N.D. Cal. 2014). Moreover, "[t]he Act contains an administrative exhaustion requirement. [] To exhaust the administrative remedies, a claimant must file a complaint with the United States Department of Education, Office for Civil

Rights ("OCR") within 180 days from the date she first becomes aware of the discrimination. 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a). If 180 days have passed since the claimant submitted her complaint and OCR has not made a finding or has issued a finding in favor the recipient of funds, the claimant may file a complaint in federal court. 34 C.F.R. § 110.39(a)." Grant v. Alperovich, 993 F. Supp. 2d 1356, 1365 (W.D. Wash. 2014) (internal citation omitted). Plaintiff does not allege compliance with these exhaustion requirements.

Finally, the "Older Americans Act of 1965 ("OAA") established a program of federal grants for State and community social services designed to assist needy older persons." Legal Servs. of N. California, Inc. v. Arnett, 114 F.3d 135, 137 (9th Cir. 1997). The OAA "does not create a cause of action against the United States." Trivedi v. United States, 320 F. App'x 679, 681 (9th Cir. 2009).

Finally, as to plaintiff's claim that she was denied veteran's preference points, she alleges no supporting facts whatsoever and does not identify the specific statutory basis for a cause of action.

For all these reasons, the FAC does not state any claim upon which relief can be granted. Because plaintiff fails to state a claim, the FAC cannot be served.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims as to each defendant. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179. The amended complaint must contain sufficient information to state a claim for all violations of law alleged.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff must allege facts sufficient to support her claim.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. You do not allege enough facts to make a claim for age discrimination under the ADEA, and no other age discrimination laws appear to apply to your case. The ADEA is not violated whenever someone over 40 is not hired for a job. To state a claim of discrimination under the ADEA, you must state facts showing (1) that you were between the ages of 40 and 70, (2) that you applied for a position *for which you were fully qualified*, and (3) that a **younger person** with qualifications similar to yours **was hired** for the position.

You are being given 30 days to submit a second amended complaint. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. The complaint must state enough facts to support your legal claim: you must state facts demonstrating as to each alleged

6

instance of discriminatory failure to hire that (1) you belonged to a protected class; (2) you met all qualifications for the position; (3) you were rejected despite your qualifications; and (4) the position remained open after you were rejected.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff shall have 30 days from the date of this order to file a second amended complaint that complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: February 12, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE