UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA B. CHARLES,<br><br>Plaintiff,<br><br>v.<br><br>US OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | No. 2:19-cv-02555 KJM AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. Local Rule 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis ("IFP"), though her initial complaint was rejected pursuant to the screening process required by the IFP statute. See 28 U.S.C. § 1915(a)(1); ECF No. 4. Plaintiff submitted a First Amended Compliant, which was also rejected with leave to amend. ECF Nos. 5, 8. Plaintiff filed a Second Amended Complaint after the deadline to do so, along with a motion for an extension of time. ECF No. 9 (motion) and 10 (Second Amended Complaint). The motion for an extension of time is GRANTED and the Second Amended Complaint ("SAC") has been reviewed. Finding that the SAC does not state a claim and is not suitable to be served, and that further amendment would be futile, the undersigned recommends DISMISSAL of this case with prejudice.

1

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

////

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff's SAC consists of 73 pages with attachments, and names the U.S. Office of Personnel Management and numerous other federal agencies as defendants. ECF No. 10 at 1-3. The SAC alleges age discrimination and violation of the Vietnam-Era Veterans Readjustment Assistance Act of 1974. Id. at 3-5. With respect to her allegations of age discrimination, plaintiff references: (1) Title VII of the Civil Rights Act of 1964; (2) the Older American Act of 1965; (3) the Age Discrimination in Employment Act of 1967; (4) the Age Discrimination Act of 1975; (5) The Workforce Investment Act of 1998. ECF No. 10 at 3-5.

Plaintiff's SAC is substantively the same as her First Amended Complaint. She again alleges that between January and August of 2019, she applied for 19 jobs on USAJOBS.COM, and was qualified for the positions she applied for. Id. at 8-25. Plaintiff did not get an interview for any of these jobs. Id. With respect to one of the jobs, plaintiff received an email from Ms. Cray of the FDA referencing plaintiff's plans to retire, making it clear that she considered plaintiff's age. Id. at 9. Plaintiff did not get an interview for that job. Id. Plaintiff asserts that her civil liberties were violated, and that she was discriminated against on the basis of her age by being deemed "ineligible" for the positions and not referred to the hiring agencies. Id. at 8-25. She also alleges she was denied her Vietnam Era Veteran preference points. Id. at 23. Plaintiff requests declaratory and injunctive relief, and actual and punitive damages. Id. at 24-25.

B. Analysis

As plaintiff was previously informed, her claims of age discrimination under Title VII of the Civil Rights Act of 1964 cannot survive because that statute does not prohibit discrimination based on age. Smith v. City of Jackson, Miss., 544 U.S. 228, 232 (2005) ("During the deliberations that preceded the enactment of the Civil Rights Act of 1964, Congress considered and rejected proposed amendments that would have included older workers among the classes protected from employment discrimination."). Congress separately enacted the Age Discrimination in Employment Act ("ADEA"), which provides that it is unlawful for an employer

"to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623 (West). "Except for substitution of the word 'age' for the words 'race, color, religion, sex, or national origin,' the language of that provision in the ADEA is identical to that found in § 703(a)(2) of the Civil Rights Act of 1964 (Title VII)." Smith, 544 U.S. at 233.

Plaintiff's SAC does not state a claim under the ADEA. To state a claim of discrimination under the ADEA, a plaintiff must demonstrate that she was within the protected class of individuals aged 40-70, that she applied for a position for which she was qualified, and that a younger person with similar qualifications was hired for the position. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir.1987); Robinson v. Pierce County, 539 F. Supp. 2d 1316, 1328 (W.D. Wash. 2008). The complaint before the court does not allege specific facts to support the required elements. Plaintiff makes the conclusory allegation that she was "qualified" for each job, but many of the "rejection" letters she submitted with her FAC make clear that she did not in fact meet specific job requirements. Moreover, after being informed of the facts necessary to state a claim, plaintiff has again failed to allege that younger people were hired to fill the various positions at issue. If plaintiff does not know that younger people were hired to fill the positions, she cannot bring an ADEA claim even if she was a qualified applicant.

The other statutes plaintiff references with respect to her age discrimination claim do not provide a basis for relief:

The Workforce Investment Act of 1998 was repealed effective July 1, 2015. See 29 U.S.C.A. § 2801 [repealed].

The Age Discrimination Act of 1975 does not allow recovery insofar as plaintiff seeks monetary damages. The statute "does not authorize the recovery of monetary damages as to individual defendants," and instead only contemplates injunctive relief and recovery of attorney's fees. Steshenko v. Albee, 42 F. Supp. 3d 1281, 1290 (N.D. Cal. 2014). Moreover, "[t]he Act contains an administrative exhaustion requirement. [] To exhaust the administrative remedies, a claimant must file a complaint with the United States Department of Education, Office for Civil

Rights ("OCR") within 180 days from the date she first becomes aware of the discrimination. 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a). If 180 days have passed since the claimant submitted her complaint and OCR has not made a finding or has issued a finding in favor the recipient of funds, the claimant may file a complaint in federal court. 34 C.F.R. § 110.39(a)." Grant v. Alperovich, 993 F. Supp. 2d 1356, 1365 (W.D. Wash. 2014) (internal citation omitted). Plaintiff does not allege compliance with these exhaustion requirements.

Finally, the "Older Americans Act of 1965 ("OAA") established a program of federal grants for State and community social services designed to assist needy older persons." Legal Servs. of N. California, Inc. v. Arnett, 114 F.3d 135, 137 (9th Cir. 1997). The OAA "does not create a cause of action against the United States." Trivedi v. United States, 320 F. App'x 679, 681 (9th Cir. 2009).

Finally, as to plaintiff's claim that she was denied veteran's preference points, she again alleges no supporting facts whatsoever and does not identify the specific statutory basis for a cause of action.

For all these reasons, the SAC does not state any claim upon which relief can be granted. Because plaintiff fails to state a claim, the SAC cannot be served. Because plaintiff has had two previous opportunities to amend and has been repeatedly unable to cure the deficiencies identified by the court, the undersigned finds further amendment would be futile. See Noll, 809 F.2d at 1448.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 9) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that plaintiff's Second Amended Complaint (ECF No. 10) be DISMISSED with prejudice and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE